IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CR-71 |
| JEFFREY SILER, | ) | (VARLAN/SHIRLEY) |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on July 27, 2010, for a scheduled pretrial conference and motion hearing. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Jonathan A. Moffatt represented the Defendant, who was also present.

The Defendant filed a Motion to Continue Trial [Doc. 15] on July 26, 2010. The Defendant asks that the August 17, 2010 trial date be continued to permit time for an evidentiary hearing on the Motion to Suppress Defendant's Statements [Doc. 13]. At the hearing, defense counsel stated that he needed additional time to prepare for a hearing on the suppression motion. He stated that he had discussed the request for a continuance with his client and that the Defendant understood. The Court questioned the Defendant, who agreed that he understood his right to a speedy trial and that he would remain in custody until the new trial date. He stated that he wanted the Court to grant the continuance. The Government did not object to the requested continuance.

1

The parties agreed on a new trial date of December 14, 2010.

The Court finds the motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). As noted above, the Defendant recently filed a suppression motion. See 18 U.S.C. § 3161(h)(1)(D). The Court finds that the Defendant's suppression motion is of such a nature that the time required to determine the issue creates excludable time. See United States v. Tinklenberg, 579 F.3d 589, 598 (6th Cir. 2009) ("hold[ing] that a pretrial motion must actually cause a delay, or the expectation of a delay, of trial in order to create excludable time"), rehg and rehg *en banc* denied (Jan. 12, 2010). The Government needs time to file a response to the Defendant's suppression motion. Once briefing is completed, the Court will hold a hearing on the motion. The parties have also informed the Court that they need time to prepare exhibits of audio and video recordings of the statements in question. The parties were not able to schedule the suppression hearing until September 14, 2010, at 1:00 p.m.

Following the suppression hearing, the Court will need time, not to exceed thirty days, to prepare a report and recommendation on the motion. See 18 U.S.C. § 3161(h)(1)(H). Once the report and recommendation is entered, the parties need time to file any objections, and the District Court will need time to rule upon the suppression motion in light of the report and any objections. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not take place before the August 17, 2010 trial date or in less than four and one-half months. The failure to grant a continuance would deprive the parties of time to secure a ruling on the suppression motion and to prepare for trial in light of this motion. Thus, without a continuance, counsel would not have the reasonable time necessary to

prepare for trial despite their use of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Motion to Continue Trial [**Doc. 15**] is **GRANTED**, and the trial of this matter is reset to **December 14, 2010**.  The Court also finds that all the time between the July 27, 2010 hearing and the new trial date of December 14, 2010, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  See 18 U.S.C. § 3161(h)(1)(D), (H), & (h)(7)(A)-(B).  With regard to additional scheduling, the Government's response to the suppression motion is due on or before **August 13, 2010**.  The Court set an evidentiary hearing on the suppression motion for **September 14, 2010, at 1:00 p.m.**  This date shall also be the new pretrial conference.  The plea negotiation deadline is **November 30, 2010**.  The Court instructs the parties that all motions *in limine* must be filed no later than **November 29, 2010**.  Special requests for jury instructions shall be submitted to the District Court no later than **December 3, 2010**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **December 14, 2010**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **July 27, 2010** hearing, and the new trial date of **December 14, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Government's response deadline is extended to **August 13, 2010**;

(5) The parties are to appear before the undersigned for a pretrial conference and evidentiary hearing on the suppression motion on **September 14, 2010, at 1:00 p.m.**;

3

(6) The deadline for concluding plea negotiations is **November 30, 2010**;

(7) Motions *in limine* must be filed no later than **November 29, 2010**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **December 3, 2010**.

**IT IS SO ORDERED.**

        ENTER:

         s/ C. Clifford Shirley, Jr.
        United States Magistrate Judge